THE TWENTY-SIXTH WARD BANK of Brooklyn, Appellant, *v.* CAROLINE H. STEARNS et al., Respondents.

BANKS — PROMISSORY NOTE — NOTICE OF CONDITIONAL INDORSEMENT. If a director of a bank, while acting as the agent of the bank, procures an indorsement upon a promissory note upon the understanding that an additional indorsement shall be obtained, which is not done, the bank, on taking the note, is chargeable with notice of the condition and its non-performance, available to the indorser as a defense to an action on the note by the bank.

Reported below, 7 Misc. Rep. 276.

(Argued January 30, 1896; decided February 18, 1896.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made February 26, 1894, which affirmed a judgment in favor of defendants entered upon a verdict.

This was an action against the indorsers upon two promissory notes.

The facts, so far as material, are stated in the opinion.

*Charles M. Earle* for appellant. The bank was a holder for value, within the meaning of the law-merchant, and was as

such protected by the law of commercial paper. (*Brown* v. *Leavitt*, 31 N. Y. 113; *F. Nat. Bank of C.* v. *Dean*, 137 N. Y. 110; *P. Ins. Co.* v. *Church*, 81 N. Y. 218; *Youngs* v. *Lee*, 12 N. Y. 551; *Day* v. *Saunders*, 1 Abb. Ct. App. Dec. 495.)  Being a holder for value, the bank can recover against even an accommodation indorser, unless it took with notice of a conditional indorsement.  (81 N. Y. 225.) The burden of proof of establishing notice to the bank was on the defendants. (*Dalrymple* v. *Hillenbrand*, 62 N. Y. 5; *Cowing* v. *Altman*, 71 N. Y. 435; *Sprague Bank* v. *Haulenbeck*, 16 N. Y. S. R. 786; *F. C. Bank* v. *Grover*, 88 Hun, 4.)  To sustain the burden of showing notice to the bank, defendants rested solely on notice to Mr. Kiendl, a director. Notice to a director is not enough. (*Bank of U. S.* v. *Davis*, 2 Hill, 451; *Fulton Bank* v. *N. Y. & S. C. Co.*, 4 Paige Ch. 127; *Nat. Bank* v. *Norton*, 1 Hill, 572; *Miller* v. *I. C. R. R. Co.*, 24 Barb. 312; *Westfield Bank* v. *Cornen*, 37 N. Y. 320; *Farrell* v. *Dart*, 26 Conn. 376; *G. Ins. Co.* v. *N. Y. Ins. Co.*, 10 Md. 517; *F. Nat. Bank* v. *Christopher*, 11 Vroom, 435; *Gleason* v. *Hamilton*, 138 N. Y. 353; *Terrell* v. *Bank of Mobile*, 12 Ala. 502; *U. S. Ins. Co.* v. *Shriver*, 3 Md. Ch. 381; *Coster* v. *T. C. Bank*, 9 Barr [Penn.], 27; *Wells* v. *A. E. Co.*, 44 Wis. 312; *Platt* v. *B. A. Co.*, 41 Conn. 255; *Casco Nat. Bank* v. *Clark*, 139 N. Y. 307; *S. C. Bank* v. *Neass*, 5 Den. 329; *City Bank* v. *Barnard*, 1 Hall, 70; *Com. Bank* v. *Cunningham*, 24 Pick. 270; *Washington Bank* v. *Lincoln*, 22 Pick. 24; *Dayton* v. *Parke*, 142 N. Y. 391.)

*Isaac H. Maynard* and *Edward G. Whitaker* for respondents.  The defendant Caroline H. Stearns could legally attach any condition she pleased to her indorsement.  She simply loaned her name to the maker, at the request of the plaintiff, and with its knowledge, and upon an express condition and agreement upon the part of the plaintiff that another name should be indorsed thereon as a prior indorser.  The plaintiff having failed to comply with this express condition, cannot

recover. (*Benjamin* v. *Rogers*, 126 N. Y. 60; *U. S. Nat. Bank* v. *Ewing*, 131 N. Y. 506.) The plaintiff was not a *bona fide* holder for value. (*Small* v. *Smith*, 1 Den. 583.) Notice to a director and counsel for the bank, was notice to the bank. (*F. L. & T. Co.* v. *Walworth*, 1 N. Y. 433; Hovenden on Fraud, 144; *Shiras* v. *Morris*, 8 Cow. 60; *Olmsted* v. *Hotailing*, 1 Hill, 317; *Bennett* v. *Judson*, 21 N. Y. 238; *Elwell* v. *Chamberlin*, 31 N. Y. 611; *Meehan* v. *Forrester*, 52 N. Y. 277; *Constant* v. *University of Rochester*, 111 N. Y. 604.)

Andrews, Ch. J.   It is quite plain from a perusal of the record that the only question litigated on the trial related to the existence of the alleged condition upon which the notes in question were indorsed by the defendants Caroline H. Stearns and George W. Stearns. The indorsers claimed that they became indorsers upon the understanding with Kiendl, who procured their indorsement, that before the notes should be used they should be indorsed by Mrs. Thomas, the mother of the payee. This was denied by the plaintiff. The jury found this issue in favor of the indorsers. The plaintiff now seeks to raise the question that the plaintiff took the notes without notice of the alleged condition, in good faith, and is, therefore, entitled to recover under the ordinary rules governing the rights of parties to negotiable paper, notwithstanding the existence of the alleged condition and its non-performance. It is insisted that Kiendl was not acting as agent for the bank in procuring the indorsements, and that notice to him of the condition upon which the defendants indorsed the notes did not bind the plaintiff. It was shown that Kiendl was a director of the bank; that the bank held notes, one of which was past due and others maturing, which had been discounted by the bank and the proceeds used in the business of W. B. Thomas & Co.; that the defendant George W. Stearns was liable on some or all of the paper, but that the defendant Caroline H. Stearns was not a party thereto; that the notes in suit were procured to be used in renewal of the paper then

held by the bank; that they were drawn in the handwriting of Kiendl; that he presented them to the defendants and obtained their signatures as indorsers, and it was competent for the jury to infer from the evidence that they were taken by Kiendl and by him delivered to the bank. One of the witnesses stated, without objection, that so far as he knew Kiendl was the counsel for the bank. Kiendl was a witness for the defendants on the trial, and no evidence was given by him, or by any other witness in behalf of the defendants, explaining his relation to the bank, or negativing the fact that he was acting for the bank in the transaction.

When the defendants rested the counsel for the plaintiff moved the court to direct judgment on the evidence for the plaintiff, which motion was denied and the plaintiff's counsel excepted. The question now sought to be argued, that the bank is not chargeable with the notice to Kiendl of the condition upon which the indorsements were made, is raised if at all by the exception above stated. The rule that notice to an individual director of a bank when not engaged in the business of the bank, is not constructive notice to the bank of the fact so communicated or made known to him, so as to affect subsequent dealings between the bank and third persons, is well settled. There is no presumption that a fact known to the director, who has no duty as such to perform in relation to the subject-matter of such notice, has been communicated to the corporation. (*Bank of U. S.* v. *Davis*, 2 Hill, 451.)

It may be admitted that the evidence that Kiendl was acting as the agent of the bank in procuring the paper in question is not clear. But the plaintiff gave no proof on the subject and its motion for a direction of a judgment in its favor when the defendants rested, did not suggest the point now raised. If attention had been called to the point, the defendants might perhaps have supplemented their evidence as to Kiendl's agency. As it stood, there was more than the bare proof that Kiendl was a director of the plaintiff. The circumstances, though inconclusive, tended to show that he was in fact acting

as the agent of the plaintiff in procuring the paper in question, and if he was so acting the bank was chargeable when it took the paper with notice of the condition and that it had not been performed.

The point that George W. Stearns is liable, notwithstanding the non-performance of the condition, because he was a party to the prior paper, was not taken. It was assumed that the indorsers stood in the same position and that the defense, if established, was good as to both.

The judgment should be affirmed.

All concur, except GRAY and VANN, JJ., not voting.

Judgment affirmed.